**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH PARROTT, SR.,

      Plaintiff,

v.                                              Case No. 3:20-cv-168-J-32JRK

THOMAS C. SAITTA; ANDREI LANCU;
ROGERS TOWER; BAILEY JONES &
GAY, P.A.; and FRED D. FRANKLIN, JR.,[1]

      Defendants.
_____

## REPORT AND RECOMMENDATION[2]

### I. Status

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 2), filed February 25, 2020, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for failure to state a claim upon which relief may be granted.

---

[1] As explained below, see supra pp. 4-5, the identity of the defendants is unclear as Plaintiff lists different defendants throughout his pleading. In an abundance of caution, the undersigned considers every named defendant as a defendant in this action.

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Plaintiff initiated this action pro se on February 25, 2020 by filing a Complaint for a Civil Case (Doc. No. 1). On March 3, 2020, the undersigned entered an Order (Doc. No. 5) taking the Motion under advisement. Observing that the case appeared subject to dismissal for failure to state a claim upon which relief may be granted, Plaintiff was directed to file an Amended Complaint by April 3, 2020; alternatively, Plaintiff was directed to pay the filing fee by April 3, 2020. See Order at 1, 4-5, 7. On April 3, 2020, Plaintiff filed an Amended Complaint (Doc. No. 6).[3] On April 20, 2020, Plaintiff filed a Motion to Amend Complaint (Doc. No. 7), which the Court granted. See Order (Doc. No. 8), entered April 21, 2020. On May 7, 2020, Plaintiff filed a Second Amended Complaint (Doc. No. 9).[4] Plaintiff, however, has failed to cure the deficiencies initially identified in the March 3, 2020 Order. See March 3, 2020 Order at 4-5.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and

---

[3] The Amended Complaint was docketed on April 6, 2020.

[4] Also on May 7, 2020, Plaintiff filed a document titled "Second Motion to Amend Complaint" (Doc. No. 10), in which Plaintiff advises the Court of the changes he made in the Second Amended Complaint. Plaintiff does not request leave to amend the Second Amended Complaint.

his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba, 517 F.3d at 1252 (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to

"re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Plaintiff's claims arise out of his patent for the Parrott Lawn Mower Blade Sharpener. See generally Second Amended Complaint. The identity of the defendants in this action is unclear. In the caption of the Second Amended Complaint, Plaintiff names six defendants: Thomas C. Saittia; Andrei Lancu; Rogers Towers; Fred D. Franklin; Bailey Jones Gay, P.A.; and Fred D. Franklin, Jr. See Second Amended Complaint at 1. Later in the Second Amended Complaint, however, Plaintiff lists only three defendants: Thomas C. Scaitta; Mr. Lancu; and Mr. Franklin. See id. at 2. Then, in setting forth his claims, Plaintiff names the following defendants: Mr. Lancu, Thomas C. Saitta, and "The Rogers Towers." See id. at Ex. 1 (Doc. No. 9-1) at 1-6.[5] (It appears Saittia, Scaitta, and Saitta are different spellings used by Plaintiff to refer to the same individual.)

To the extent Plaintiff names Mr. Franklin; Mr. Franklin, Jr.; and Bailey Jones Gay, P.A. as defendants, any claims against them are due to be dismissed because Plaintiff does not set forth any facts supporting any claims against these defendants. As to the claims asserted against Mr. Lancu, Mr. Saitta, and Rogers Towers, they are due to be dismissed for failure to state a cause of action upon which relief may be granted, for the reasons set out below.

According to the Second Amended Complaint, Mr. Lancu is the "Director and Commissioner" of the U.S. Patent and Trademark Office ("USPTO"); Mr. Saitta is an

---

[5] The pagination of Exhibit 1 is not continuous. For ease of reference, citations to Exhibit 1 follow the pagination assigned by the Court's electronic filing system (CM/ECF).

attorney, who Plaintiff hired to file a patent application for the Parrott Lawn Mower Blade Sharpener; and Rogers Towers was one of the law firms where Mr. Saitta worked. See id. at Ex. 1 pp. 1, 3. Generally, Plaintiff alleges that Mr. Lancu, Mr. Saitta, and Rogers Towers violated 37 C.F.R. § 1.56 because they failed to disclose to Plaintiff certain information about his patent and application. See id. at Ex. 1 pp. 1-6. This regulation is wholly inapplicable to Defendants. 37 C.F.R. § 1.56 provides that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [USPTO], which includes a duty to disclose to the [USPTO] all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56(a) (emphasis added). It does not establish a duty on the patentee's attorney or the USPTO to disclose information to the patentee.

The undersigned notes that Plaintiff quotes a number of regulations and statutes in the Second Amended Complaint, see Second Amended Complaint at Ex. 1 pp. 7-30, but he does not explain how Defendants violated any of these provisions. As such, to the extent Plaintiff is asserting claims under these regulations and statutes, he has failed to state a claim upon which relief may be granted.

## IV. Conclusion

Overall, construing pro se Plaintiff's claims and allegations liberally, the undersigned finds Plaintiff's claims are due to be dismissed for failure to state a claim upon which relief may be granted. Accordingly, it is

**RECOMMENDED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice**.

3. The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on June 5, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Pro Se Party